IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN LIRA,

        Petitioner,                      No. CIV S-10-3113 GEB GGH P

    vs.

BOARD OF PAROLE HEARINGS, et al.,

        Respondent.               FINDINGS & RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the 2009 decision by the California Board of Parole Hearings (BPH) finding him unsuitable for parole.

        On January 27, 2011, the undersigned vacated the briefing schedule in this matter and instead ordered both parties to provide briefing regarding the recent United States Supreme Court decision that found that the Ninth Circuit erred in commanding a federal review of the state's application of state law in applying the "some evidence" standard in the parole eligibility habeas context. Swarthout v. Cooke, 502 U.S. ___, 131 S. Ct. 859, 861 (2011).[1]

        Respondent filed timely briefing, while petitioner did not respond and the time for doing so has expired. A review of the petition in this case demonstrates that it is entirely

---

[1] The earlier citation in the prior order was to Swarthout v. Cooke, 502 U.S. ___, ___ S. Ct. ___, 2011 WL 197627 *2 (Jan. 24, 2011)

1

based on alleged violation of California's "some evidence" requirement.  For the reasons set forth in the prior order, there is no federal due process requirement for a "some evidence" review, thus the federal courts are precluded from a review of the state court's application of its "some evidence" standard.[2]  As respondent observes there is no dispute that petitioner had an opportunity to be heard and received a statement of reasons as to why he was denied parole. Respondent's Supplemental Briefing, pp. 1-2, citing Petition, which includes the parole hearing transcript at pages 42-160.[3]  Thus, petitioner received all the process that was due in having been "allowed an opportunity to be heard" and "provided a statement of the reasons why parole was denied."  Swarthout, at 862.   Therefore, the petition should be dismissed.

Accordingly, IT IS HEREBY RECOMMENDED that the petition be dismissed.

If petitioner files objections, he shall also address if a certificate of appealability should issue and, if so, as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement.  28 U.S.C. § 2253(c)(3).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

---

[2] The court notes some perversity in the result here.  Loss of good-time credits, even for a day, pursuant to decision at a prison disciplinary hearing, must be supported by "some evidence." Superintendent v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768 (1985).  Assignment to administrative segregation requires the same "some evidence" before such an assignment can be justified. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir.2003).  However, a denial of parole eligibility after sometimes decades in prison, and where another opportunity for parole can be delayed for as long as fifteen more years, requires no such protection from the federal due process standpoint. Nevertheless, such is the state of the law.

[3] Only the court's electronic pagination is referenced.

1 | shall be served and filed within fourteen days after service of the objections. The parties are
2 | advised that failure to file objections within the specified time may waive the right to appeal the
3 | District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4 | DATED: April 27, 2011            /s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

7 | GGH:009
lira3113.fr